IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTONIO BERNARD GONZALES,

                Plaintiff,                              OPINION AND ORDER

    v.

                                                      25-cv-106-wmc

MS. WALKER,

                Defendant.

Plaintiff Antonio Gonzales, a prisoner at Columbia Correctional Institution ("Columbia") who is representing himself, claims that defendant, Ms. Walker, refused to provide him with a bra and panties. Gonzales requests leave to proceed without prepayment of the filing fee after having already "struck out" under 28 U.S.C. § 1915(g) while imprisoned by filing three, previous civil actions dismissed for failure to state a claim. *See Gonzales v. Auth*, 15-cv-464, dkt. #8 (E.D. Wis.) (dismissed June 30, 2015); *Gonzales v. Dep't of Health Services*, 15-cv-465, dkt. #10 (E.D. Wis.) (dismissed June 30, 2015); *Gonzales v. Zinn*, 15-cv-598, dkt. #8 (E.D. Wis.) (dismissed July 23, 2015). For the reasons explained below, plaintiff may not proceed without prepayment of the filing fee, although the court will allow him until May 30, 2025, to either file an amended complaint alleging imminent danger of serious physical injury *or* pay the filing fee. At this stage, the court will also deny plaintiff's motion for assistance recruiting counsel. (Dkt. #3.)

OPINION

Under § 1915(g), a prisoner is not allowed to proceed with another civil action in federal court without first paying the filing fee after three or more of his civil actions or

appeals have been dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted.  The sole exception to this three-strikes rule is if plaintiff's pleadings show that he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a *physical* injury that is imminent or occurring at the time the complaint is filed.  *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)).

Here, in a one-paragraph-long complaint, Gonzales alleges merely that Ms. Walker refused to give him "some bras and panties," which he asserts caused a mental breakdown.  Although a mental breakdown could be every bit as serious as a physical injury, the reality is plaintiff has still not alleged imminent *physical* injury.  Thus, the court concludes that Gonzales is currently barred from proceeding without prepaying the full $405 filing fee.

Still, the court will allow Gonzales 30 days to file an amended complaint explaining why he is in imminent danger of serious physical injury absent being provided a bra and panties.  If Gonzales files an amended complaint by the deadline, the court will review it for imminent danger of serious physical injury.  *Alternatively*, he may pay the $405 filing fee by the deadline below, and the court will proceed to screen his complaint under 28 U.S.C. § 1915A.  If he does not amend his complaint or pay the fee by the deadline, the court will dismiss this case.

Finally, Gonzales moves for appointment of counsel, alleging that he has repeatedly tried to obtain an attorney.  (Dkt. #3.)  However, this court does not appoint counsel in civil cases; instead, in its discretion, the court may choose to *recruit* pro bono counsel for a

*pro se* litigant in certain, limited circumstances, if the legal and factual difficulties of this case exceed the *pro se* litigant's abilities. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). At this early stage of the case, however, the circumstances do not appear to exceed Gonzales' abilities. Indeed, he need only file an amended complaint explaining why he is in imminent danger. Thus, the court will deny his motion for appointment of counsel without prejudice to asking later should his claim be screened to go forward.

ORDER

IT IS ORDERED that:

1) Plaintiff may have until May 30, 2025, to either amend his complaint or pay the $405 filing fee for this case. Otherwise, this case will be dismissed without prejudice.

2) Plaintiff's motion for appointment of counsel (dkt. #3) is DENIED without prejudice.

Entered this 30th day of April, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge